Thomas P. Scrivo (#029101989)
James DiGiulio (#013582006)
O'TOOLE SCRIVO LLC
14 Village Park Road
Cedar Grove, NJ 07009
Telephone: (973) 559-9900
tscrivo@oslaw.com
jdigiulio@oslaw.com

Dale M. Cendali (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
601 Lexington Avenue
New York, NY 10022
Telephone: (212) 446-4800
dale.cendali@kirkland.com

Diana Torres (*pro hac vice* forthcoming)
Allison W. Buchner (*pro hac vice* forthcoming)
KIRKLAND & ELLIS LLP
2049 Century Park East
Los Angeles, CA 90067
Telephone: (310) 552-4200
diana.torres@kirkland.com
allison.buchner@kirkland.com

*Attorneys for Plaintiff, GOLO LLC*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| GOLO, LLC<br><br>                  Plaintiff,<br><br>   - v -<br><br>JOSEPH W. KLAUDI, JR., individually and<br>d/b/a KETOGENEXX, LLC, and DOES 1-10,<br><br>              Defendants. | No. _____<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff GOLO, LLC ("GOLO" or "Plaintiff") brings this Complaint against Joseph W. Klaudi, Jr. individually and doing business as KetoGenexx, LLC ("Klaudi") and DOES 1–10 (together with Klaudi, "Defendants") under federal and state law for false advertising, trademark infringement, false designation of origin, false advertising, and unfair competition, and alleges as follows:

## NATURE OF THE ACTION

1.     GOLO brings this action to enjoin Klaudi's infringement of GOLO's distinct and well-known GOLO and RELEASE trademarks (the "GOLO Marks") to protect consumers from being confused. GOLO is a leading health and wellness company that provides innovative and proprietary diet, healthcare, and wellness goods and services. GOLO began selling proprietary weight loss and wellness solutions at least as early as April 2013 using its federally registered and distinctive GOLO Marks. Since inception and its first sales, GOLO's proprietary approach to weight loss and wellness has been through glucose and insulin management and its "back to basics" whole foods eating approach. GOLO's dietary supplements include "RELEASE," an all-natural plant-based supplement designed to balance the hormones that affect weight, improve your metabolism, and help combat insulin resistance.  GOLO owns multiple trademark registrations for, and has acquired common law trademark rights in, its GOLO Marks in connection with dietary supplements.

2.      On information and belief, in 2020, Klaudi began promoting and selling weight management supplements. Klaudi offers supplements under the GOLO Marks and confusingly similar marks, using the same, or similar, retail trade channels that GOLO uses for its sales of goods and services and which claim to provide many of the same benefits. Klaudi began doing so by offering for sale a product called "Real|ease," which purportedly offered weight management through insulin reduction, and purported to compare his product to GOLO's RELEASE.[1] After GOLO demanded that he cease his infringing behavior, Klaudi changed the name of his product to Liberate and Liberate-NPC, but nonetheless continues to use "GOLO Release" as the name of his product in product listings and continues to market and promote his "Liberate" product using the GOLO Marks in a manner likely—indeed, designed—to deceive consumers.[2]

 

---

[1] See https://ketogenexx.com/search?type=product&q=GOLO (last accessed 02/19/2021).
[2] See https://www.walmart.com/ip/Liberate-NPC-Compare-to-GOLO-Release-diet-Supplement-240-Capsules-80-Day-Supply/743107627 (last accessed 02/19/2021).



3.    Klaudi offers his dietary supplements using the GOLO Marks to the same customers, or to the same classes of customers, as GOLO's customers. Klaudi's continued unauthorized use of the GOLO Marks creates consumer confusion and a false association with GOLO, seeking to attract attention from customers looking for genuine GOLO RELEASE supplements.

4.    Thus, GOLO asserts these claims, seeking (1) injunctive relief to protect the goodwill in the GOLO Marks and to prevent consumers from being misled into thinking that GOLO is the source of, or is affiliated with, Klaudi's products, and purchasing Klaudi's products under the mistaken belief that they are part of GOLO's line of high-quality health and wellness products and/or from purchasing Klaudi's products in reliance on his false and/or misleading marketing statements, and (2) disgorgement of all profits from Klaudi's infringement, false designation of origin, unfair competition, and false advertising.

## PARTIES

5.      Plaintiff GOLO, LLC is a Delaware limited liability company with its principal place of business at 258 Chapman Rd (Chopin Building), Suite 202, Newark, Delaware 19702.

6.      Upon information and belief, Joseph W. Klaudi, Jr., is an individual, and resides at 401 MacClelland Ave., Glassboro, New Jersey, 08028. Upon information and belief, Klaudi uses "KetoGenexx LLC" as a fictitious business name.

7.      Upon information and belief, there is no entity organized or existing under any laws under the name KetoGenexx LLC. Upon information and belief, there is no corporation registration information for KetoGenexx LLC.

8.      Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed GOLO's Marks, have contributed to the infringement of GOLO's Marks, or have engaged in one or more of the wrongful practices alleged herein. The true names, whether corporate, individual or otherwise, of Defendants DOES 1 through 10, inclusive, are presently unknown to GOLO, which therefore sues said DOES by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when they may be ascertained.

9.      Upon information and belief, at all times relevant hereto, each of the Defendants were the agent, affiliate, officer, director, manager, principal, alter-ego,

and/or employee of the remaining Defendants and were at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and adopted, or both, all of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including without limitation full knowledge of each and every violation of GOLO's rights and the resulting damages to GOLO.

## JURISDICTION AND VENUE

10.     This action arises under the federal Lanham Act, 15 U.S.C. § 1051, *et seq.*, and the related laws of the State of New Jersey. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338(a) and (b). Further, this Court has supplemental jurisdiction over GOLO's state-law claims pursuant to 28 U.S.C. § 1367(a) because those claims are substantially related to GOLO's federal claims.

11.     This Court has personal jurisdiction over Klaudi and venue is proper in this district pursuant to 28 U.S.C. § 1391 because GOLO is being harmed in this district, because, upon information and belief, Klaudi resides in New Jersey and conducts his business from New Jersey, sells products in this district, ships to all states in the United States, including New Jersey, and/or because the activities about which GOLO complains have taken place, and are continuing to take place in this district.

## ALLEGATIONS COMMON TO ALL CLAIMS FOR RELIEF

**I.     GOLO's Registration of GOLO and RELEASE**

12.     GOLO is the owner of various trademark registrations for its GOLO Marks, including in connection with its RELEASE Supplement (the "GOLO Registrations"). GOLO's Registrations are set forth below:

| Registration Number | Mark | Description |
|---|---|---|
| 4,436,947 | GOLO | First Use Date: April 22, 2013 Registration Date:    November 19, 2013 Goods & Services:    Dietary and nutritional supplements; Health care services for individuals, namely, weight loss program services, weight loss diet planning and supervision, weight management programs, and consulting services in the fields of diet, weight loss, diet planning, lifestyle wellness, health and nutrition |
| 5,231,000 | GOLO | First Use Date: April 22, 2013 Registration Date: June 27, 2017 Goods & Services: Dietary and nutritional supplements; Health care services for individuals, namely, weight loss program services, weight loss diet planning and supervision, weight management programs, and consulting services in the fields of diet, weight loss, diet planning, lifestyle wellness, health and nutrition |

| Registration Number | Mark | Description |
|---|---|---|
| 5,552,578 | GOLO | First Use Date: September 15, 2016 for Class 25; January 1, 2017 for Class 28<br>Registration Date: August 28, 2018<br>Goods & Services: Class 25: Footwear; clothing, namely, shirts, pants, shorts, hoodies, jumpsuits, and hats; Class 28: Manually-operated exercise equipment |
| 5,207,875 | Release | First Use Date: April 22, 2013<br>Registration Date: May 23, 2017<br>Goods & Services: Dietary and nutritional supplements |

13.     The GOLO Registrations are valid, subsisting, and currently in full force and effect. Moreover, under 15 U.S.C. § 1065, the GOLO Registrations give GOLO the incontestable right to use the GOLO Marks in commerce for the goods and services.

14.     GOLO also owns several other U.S. trademark registrations and applications for marks that consist entirely or partially of GOLO and/or RELEASE.

15.     The registrations set forth above constitute *prima facie* evidence of GOLO's ownership of and exclusive rights to use the GOLO Marks in connection with the goods and services recited in the registrations.

16.     GOLO also owns and has maintained common law rights to the GOLO Marks by virtue of its *bona fide* use in commerce of the mark throughout the United States, as described more fully herein.

17.     Through GOLO's continuous use of the GOLO Marks since 2013 and as a result of GOLO's substantial marketing and promotional efforts, the substantial sales of its GOLO-branded products, and the third party acclaim and attention GOLO and its products have earned, GOLO has developed a strong name and reputation among customers, and its GOLO Marks enjoy extensive goodwill in the United States.

## II.     GOLO and its Diet and Healthcare Products

18.     GOLO is a leader in providing innovative and proprietary diet and healthcare products. Since at least as early as 2011, GOLO has been developing dietary supplements, including programs for weight loss, weight management, nutrition, and lifestyle wellness.

19.     GOLO has invested significant resources in product development and studies, and in TV and digital advertising to build awareness of its products, and services and value in its GOLO Marks. In 2020 alone, more than 2.5 million people visited GOLO's website (www.golo.com) looking to improve their health and lose weight. GOLO has over 500,000 customers and has shipped over 1 million packages of products. Each of those packages includes several uses of the GOLO Marks.

20.    One of GOLO's product offerings is the GOLO for Life Plan, a proprietary whole food eating plan that focuses on balancing blood sugar levels and promoting safe weight loss. A component of that plan is GOLO's RELEASE supplement, a plant-based nutraceutical that has been clinically shown to aid in weight loss and improve health markers, as depicted below:



21.    GOLO began using the GOLO Marks for dietary and nutritional supplements in 2013, and has made continuous and substantially exclusive use of the GOLO Marks for such products since that time.

22.    The GOLO Marks are inherently distinctive and therefore serve as a source indicator for GOLO products and services, including nutritional supplements. As a result of GOLO's extensive and successful use and promotion of the GOLO Marks (including the facts set forth herein), the Marks have acquired secondary meaning.

23.   GOLO has invested substantial time, money, and other resources promoting its products and services using the GOLO Marks to individuals in all 50 states, including New Jersey. GOLO prominently displays its GOLO Marks on its packaging, its website, and any advertisements promoting or marketing its goods and services.

24.   GOLO owns and operates its website at www.golo.com, where GOLO markets, offers to sell, and sells its products and services to consumers. GOLO displays one or more of the GOLO Marks on nearly every page. The product listing for GOLO's RELEASE is shown below:[3]



---

[3] *See* https://www.golo.com/pages/about-release (last accessed 02/19/2021).

25.    Until around December 30, 2020, consumers could also purchase GOLO-branded products and services, including GOLO RELEASE, from www.walmart.com.[4]



26.    GOLO has also advertised and promoted its goods and services under the GOLO Marks on television and in other media campaigns, including digital, social (*e.g.*, Facebook, Pinterest, and Instagram), print, and radio. GOLO's products and services have also received physicians' endorsements and customer testimonials.

27.    GOLO has enjoyed substantial sales of its products and services that use the GOLO Marks, with customers located throughout the United States, including New Jersey.

---

[4] *See* https://www.walmart.com/ip/3-Bottles-of-Release-w-Free-GOLO-for-Life-Plan-W/931096121?selected=true (last accessed 02/19/2021).

28.     Because of the inherent distinctiveness of, and/or secondary meaning in, the GOLO Marks, the GOLO Marks enjoy substantial goodwill.

### III.   Klaudi's Use of Infringing Marks

29.     Klaudi, whose LinkedIn profile indicates he is the "Manager, Sales and Mearketing" [sic] for a "Confidential" marketing endeavor,[5] promotes himself fictitiously as a health and wellness company called Ketogenexx, LLC that markets and sells dietary supplements, including dietary supplements geared toward adults interested in weight loss.

30.     On information and belief, Klaudi owns the domain ketogenexx.com. The website available at that domain includes options for "support supplements," including those for "Weight Management." Klaudi's products are currently sold online through that website.

31.     Klaudi also distributes his products through Walmart, which, historically and until recently, carried GOLO-branded products throughout the United States, including in New Jersey.

32.     Rather than build goodwill in his brand fairly, Klaudi has used, and continues to promote and sell his products on his website as well as on Walmart's website using, the GOLO Marks in a manner that deceives consumers.

---

[5] *See* https://www.linkedin.com/in/joseph-klaudi-a34b6444 (last accessed 02/16/2021).

33.    From an unknown date until at least January 28, 2021, Klaudi marketed and sold a product deceptively called "Real|ease," not only using a name confusingly similar to GOLO's RELEASE, but, as shown below, also using the GOLO Marks in a manner that suggests what is being sold is, in fact, GOLO's RELEASE product, and by purporting to "compare" the two products, all of which was designed to draw attention and internet search traffic to Klaudi's product by trading on the goodwill of the GOLO Marks: [6]




34.    After being contacted by GOLO's Chief Executive Officer and agreeing to stop his unauthorized use of the GOLO Marks, Klaudi changed the name on his product label from "Real|Ease" to "Liberate" and "Liberate-NPC" in online

---

[6] *See* https://www.walmart.com/ip/Liberate-NPC-Compare-to-GOLO-Release-diet-Supplement-240-Capsules-80-Day-Supply/743107627 (as it appeared on 01/28/21).

images, but continued to use the GOLO Marks without permission in misleading ad

copy, as a search term, and in the product name as listed on Walmart.com: [7]



35.    Klaudi also continues to include the prior "Real|Ease" name in the product Supplement Facts displayed on Walmart.com.



36.    As a result of the product name, when consumers search for "GOLO RELEASE" on the Walmart website, Klaudi's products will appear in the search results, with the first two words of the product name, in bold font "GOLO Release," as shown below:[8]

---

[8] *See* https://www.walmart.com/search/?query=GOLO%20Release (last accessed 02/19/2021).



37.     Upon information and belief, Klaudi was aware of GOLO's prior rights in the GOLO Marks before using the GOLO Marks, and has acted willfully in creating, marketing and selling his products, despite knowing full well that he had never sought, let alone obtained, authorization to use GOLO's valuable intellectual property. Klaudi was certainly aware of GOLO's use and registration of the GOLO Marks after being contacted by GOLO on January 29, 2021, and nonetheless continued to use the GOLO Marks in an infringing and deceptive manner.[9]

38.     Klaudi's use of the GOLO Marks has damaged and irreparably injured GOLO, and, if permitted to continue, will further damage and irreparably injure GOLO, including its reputation and the goodwill associated with the GOLO Marks.

---

[9] *See* https://www.walmart.com/ip/Liberate-NPC-Compare-to-GOLO-Release-diet-Supplement-240-Capsules-80-Day-Supply/743107627 (last accessed 02/19/2021).

Klaudi's use of the GOLO Marks is also detrimental to the public's interest in being free from confusion as to the source, sponsorship, and/or affiliation of the parties' respective products.

## IV.   Klaudi's False Advertising

39.     Klaudi also trades off the investment GOLO has made in its brand and products by making false and misleading statements about the nature, characteristics, and/or qualities of his products in a manner that deceives, or at least has a tendency to deceive, a substantial portion of the intended audience (namely, consumers interested in weight loss, appetite control, stress relief, and lower blood sugar level). Indeed, Klaudi falsely claims that his products are equivalent and/or better than, have the same characteristics as, and provide some of the same benefits as GOLO's "RELEASE" supplements.[10]

---

[10] *See* https://ketogenexx.com/products/copy-of-liberate?_pos=1&_sid=657f555fc&_ss=r (last accessed 02/19/2021).



40.    Klaudi's false claims about his products have at least the tendency to deceive a substantial portion of the intended audience. Klaudi's false advertising about the health benefits of the "Liberate" supplement and its purported equivalence (or superiority) to GOLO's products goes to the efficacy and inherent qualities and characteristics of the supplement.

41.    Klaudi's misrepresentation to the public that his supplements are manufactured by a nonexistent entity, "KetoGenexx, LLC," further evidences his false advertising of this product.

42.    Klaudi has also continued to promote his products in a deceptive manner by overtly and misleadingly suggesting an equivalence to GOLO's RELEASE. For instance, on February 1, 2021, Klaudi purported to compare the nature, characteristics, and qualities of his products to those of GOLO, thereby suggesting that the nature, characteristics and qualities of the parties' products were,

in fact, comparable when they were not. Indeed, the products are so obviously *not* comparable that Klaudi at that time did not even attempt to compare them, but instead simply claimed to compare them so as to mislead consumers and thereby drive them to purchase his product:[11]



43.     More recently, Klaudi has begun to flesh out the "comparison" of his products to GOLO's RELEASE by purporting to compare the number of servings per bottle and the products' ingredients.[12]  But listing different amounts of servings per bottle and different ingredients (in different amounts) is *not* a bona fide product comparison. Indeed, servings per bottle in the abstract is meaningless, and even a cursory review of the product labels reveals that the ingredients in the parties'

---

products are largely different. In other words, Klaudi is simply using the false suggestion of a comparison to attract attention and mislead consumers into believing the two products are substitutes.



| GOLO's RELEASE Supplement[13] | Klaudi's Liberate Supplement[14] |

44.    Moreover, Klaudi makes inconsistent statements about the ingredients in his products, as the ingredient amounts listed in some places on his website are

---

[13] *See* https://www.golo.com/pages/golo-faq (last accessed 02/19/2021).
[14] *See* https://ketogenexx.com/products/copy-of-liberate?_pos=1&_sid=657f555fc&_ss=r (last accessed 02/19/2021).

different from those Klaudi lists elsewhere, as shown below.[15] On information and belief, at least one set of ingredients is false, and thereby likely to deceive consumers in a material way.



**Klaudi's Liberate Supplement Ingredient List as Shown on Klaudi's Walmart.com Product Listing[16]**

**Klaudi's Liberate Supplement Ingredient List as Shown on Klaudi's Ketogenexx Website [17]**

[15] *Compare* https://ketogenexx.com/products/copy-of-liberate?_pos=1&_sid=657f555fc&_ss=r (last accessed 02/19/2021) with https://www.walmart.com/ip/GOLO-Release-diet-supplement-Weight-Loss-and-Diet-Pills-Compare-to-Liberate-NPC-Value-Pack-3-120-Capsule-Bottles-4-Month-Supply/806664992 (last accessed 02/19/2021).

[16] *See* https://www.walmart.com/ip/GOLO-Release-diet-supplement-Weight-Loss-and-Diet-Pills-Compare-to-Liberate-NPC-Value-Pack-3-120-Capsule-Bottles-4-Month-Supply/806664992 (last accessed 02/19/2021).

[17] https://ketogenexx.com/products/copy-of-liberate?_pos=1&_sid=657f555fc&_ss=r (last accessed 02/19/2021).

45.     Because the parties compete for the same customers who are looking for products that purport to offer the same benefits, Klaudi's false advertisements promising weight loss, metabolic control, insulin sensitivity, and lower blood sugar levels by merely taking supplements have caused, and will continue to cause, GOLO to lose sales, as GOLO's product is more expensive than Klaudi's.

46.     Through this false advertising, Klaudi preys upon consumers looking for a product with the benefits Klaudi falsely promises. GOLO has experienced, and will continue to experience, economic injury from Klaudi's false advertising, including lost sales. Consumers are likely to be deceived and purchase Klaudi's product instead of GOLO's products and services because of Klaudi's product name and description. Klaudi's false advertising has proximately caused, and will continue to cause, GOLO injury, thereby damaging GOLO's position in the marketplace.

47.     Klaudi's false advertising has also injured and is likely to continue injuring GOLO's reputation because consumers are confused into thinking that GOLO's RELEASE supplements and Klaudi's "Liberate" (formerly named "Real|ease") supplements are the same as, affiliated, connected, or associated with, one another, and/or that Klaudi's "Liberate" supplements originate with, or are sponsored or approved by, GOLO. Because of that confusion, consumers attribute, and will continue to attribute, Klaudi's false advertising claims to GOLO, thereby injuring GOLO's reputation.

## **CLAIMS FOR RELIEF**

### **COUNT I**
**Trademark Infringement Under Section 32(a) of the Lanham Act**
**(15 U.S.C. § 1114(a))**

48.   GOLO repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

49.   GOLO has prior rights over Klaudi in and to the GOLO Marks in the United States by virtue of its use of the GOLO Marks in interstate commerce and as evidenced by GOLO's Registrations, as listed in Paragraph 12.

50.   The GOLO Marks are valid, subsisting, and used in commerce.

51.   Klaudi's use of the "GOLO" brand name is confusingly similar to GOLO's GOLO Marks.

52.   Without GOLO's consent, Klaudi has used, and continues to use in commerce, the GOLO Marks, as described above, in connection with the offering, sale, distribution, and advertising of health supplement products, which has caused and is likely to cause confusion, or to cause mistake, or to deceive, in violation of Section 32 of the Lanham Act, 15 U.S.C. § 1114.

53.   Upon information and belief, Klaudi had actual and/or constructive knowledge of GOLO's rights prior to using the GOLO Marks without authorization.

54.   Upon information and belief, the actions of Klaudi described above have at all times relevant to this action been willful.

- 24 -

55.    As a direct and proximate result of the actions of Klaudi alleged above, GOLO has been damaged and will continue to be damaged.

56.    As a result of Klaudi's acts, GOLO has suffered damages in an amount to be determined.

57.    GOLO has also suffered irreparable injury as a result of Klaudi's aforementioned acts of infringement, and, unless Klaudi's infringement is enjoined, GOLO will continue to suffer irreparable harm.

58.    GOLO has no adequate remedy at law and is entitled to an injunction restraining Klaudi from engaging in further acts of infringement.

## COUNT II
### Trademark Infringement, False Designation of Origin and Unfair Competition
### Under Section 43(a)(1)(A) of the Lanham Act
### (15 U.S.C. § 1125(a)(1)(A))

59.    GOLO repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

60.    Klaudi uses in commerce the "GOLO" brand name. Such use is confusingly similar to GOLO's GOLO Marks.

61.    Klaudi's actions have caused and are likely to continue causing confusion, mistake, or deception as to the origin, sponsorship, or approval of the products and services and commercial activities of Klaudi, and thus constitutes trademark infringement, false designation of origin and unfair competition with

respect to the GOLO Marks, in violation of Section 43(a)(1)(A) of the Lanham Act, 15 U.S.C. § 1125(a)(1)(A).

62.     Upon information and belief, Klaudi had actual and/or constructive knowledge of GOLO's rights in the GOLO Marks prior to using the GOLO Marks without authorization. Upon information and belief, the actions of Klaudi described above have at all times relevant to this action been willful.

63.     As a direct and proximate result of the actions of Klaudi alleged above, GOLO has been damaged and will continue to be damaged.

64.     As a result of Klaudi's acts, GOLO has suffered damages in an amount to be determined.

65.     GOLO has also suffered irreparable injury as a result of Klaudi's aforementioned acts of infringement, false designation of origin, and unfair competition, and, unless Klaudi's infringement is enjoined, GOLO will continue to suffer irreparable harm.

66.     GOLO has no adequate remedy at law and is entitled to an injunction restraining Klaudi from engaging in further acts of infringement, false designation of origin, and unfair competition.

## COUNT III
### Statutory Unfair Competition (N.J. Stat. Ann. § 56:4-1 *et seq.*)

67.     GOLO repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

68.     By reason of the foregoing, Klaudi has been, and is, engaged in unlawful, unfair, and/or fraudulent business practices in violation of N.J. Stat. Ann. § 56:4-1 *et seq.*

69.     Klaudi's acts complained of herein have damaged and will continue to damage GOLO irreparably and, unless restrained, will continue to damage and cause irreparable injury to GOLO's goodwill and reputation. GOLO has suffered, and will suffer, damage to its goodwill and reputation in the marketplace that money cannot compensate.

70.     Pursuant to N.J. Stat. Ann. § 56:4-2, GOLO is entitled to injunctive relief and recovery of all direct and indirect damages, trebled within the discretion of the court.

## COUNT IV
### Common Law Unfair Competition

71.     GOLO repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

72.     By reason of the foregoing, Klaudi has been, and is, engaged in acts of unfair competition in violation of the common law.

73.     Klaudi's acts complained of herein have damaged and will continue to damage GOLO irreparably. GOLO has suffered, and will continue to suffer, damage to its goodwill and reputation in the marketplace that money cannot compensate.

74.     Due to Klaudi's actions alleged herein, GOLO has no adequate remedy at law and is entitled to an injunction restraining Klaudi from engaging in further acts of unfair competition.

## COUNT V
## False Advertising Under Federal Law

75.     GOLO repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

76.     Klaudi has made false statements in commercial advertising or promotion about Klaudi's products.

77.     Klaudi has made misleading statements in commercial advertising or promotion about Klaudi's products.

78.     Klaudi's false and/or misleading statements actually deceive, or have a tendency to deceive, a substantial portion of the intended audience.

79.     Klaudi's deception is material in that it is likely to influence purchasing decisions.

80.     Klaudi sells dietary supplement products in interstate commerce.

81.     Klaudi's false and/or misleading statements have injured and are likely to continue injuring GOLO financially and/or in its reputation.

82.     The legal remedies available to GOLO are alone inadequate to remedy and compensate GOLO for the injuries it has suffered, and if not enjoined, will continue to sustain, by Klaudi's unlawful conduct.

## COUNT VI
### Unfair Competition Under New Jersey Law (False Advertising)

83.    GOLO repeats and re-alleges the allegations set forth in all other Paragraphs contained in this Complaint as if fully set forth herein.

84.    Klaudi's false advertising activities as described above constitute unfair competition and deceptive trade practices under N.J. Stat. Ann. § 56:8-2.

85.    On information and belief, Klaudi has made, and will continue to make, substantial profits and gains to which Klaudi is not in law or equity entitled.

86.    On information and belief, Klaudi intends to continue Klaudi's infringing acts, unless restrained by this Court.

87.    Klaudi's acts have damaged, and will continue to damage, GOLO, and GOLO has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, GOLO demands trial by jury, and respectfully prays that the Court enter judgment in its favor on each and every claim for relief set forth above and award it relief including, but not limited to, the following:

A.    An Order declaring that Klaudi's use of the GOLO Marks and branding infringes GOLO's Marks and constitutes unfair competition, false advertising, and unfair trade practices under federal and/or state law, as detailed above;

B.      An injunction permanently enjoining Klaudi and Klaudi's employees, officers, directors, principals, subsidiaries, parents, affiliates, related companies, brokers, agents, and all persons in active concert or participation with it:

(i)     From using anywhere in the United States, applying to register in the United States, or maintaining a registration in the United States for the GOLO Marks, or any other trademark that is confusingly similar to the GOLO Marks;

(ii)    From representing by any means whatsoever, directly or indirectly, that Klaudi, any products or services offered by Klaudi, or any activities undertaken by Klaudi, are associated or connected in any way with GOLO;

(iii)   From claiming, in any medium, that Klaudi's nutritional supplements are comparable or otherwise deliver the same benefits as GOLO's products;

(iv)    From making false and misleading statements, in any medium, about the qualities, characteristics, and/or benefits of Klaudi's nutritional supplements; and

(v)     From otherwise unfairly competing with GOLO.

C.      An Order directing Klaudi to cancel all placement of any advertising in any media or format bearing or displaying any designs, logos, or marks that are confusingly similar to the GOLO Marks;

D.      An Order directing Klaudi to file with this Court and serve on GOLO's attorneys, thirty (30) days after the date of entry of any injunction, a report in writing and under oath setting forth in detail the manner and form in which he has complied with the court's injunction;

E.      An Order requiring Klaudi to account for and pay to GOLO any and all profits arising from the foregoing acts of infringement, false designation of origin, and unfair competition, and increasing such profits for payment to GOLO in accordance with 15 U.S.C. § 1117 and other applicable laws;

F.      An Order requiring Klaudi to pay GOLO's costs and attorney's fees in this action pursuant to 15 U.S.C. § 1117 and other applicable laws.

G.      Other relief as the Court may deem appropriate.

## <u>DEMAND FOR JURY TRIAL</u>

GOLO demands a trial by jury on all issues so triable.

Dated: February 19, 2021                    */s/ Thomas P. Scrivo*
                                            _____

                                            Thomas P. Scrivo (#029101989)
                                            James DiGiulio (#013582006)
                                            O'TOOLE SCRIVO LLC
                                            14 Village Park Road
                                            Cedar Grove, NJ 07009
                                            Telephone: (973) 559-9900
                                            tscrivo@oslaw.com
                                            jdigiulio@oslaw.com

                                            Dale M. Cendali (*pro hac vice* forthcoming)
                                            KIRKLAND & ELLIS LLP
                                            601 Lexington Avenue
                                            New York, New York 10022
                                            Telephone: (212) 446-4800
                                            dale.cendali@kirkland.com

                                            Diana Torres (*pro hac vice* forthcoming)
                                            Allison W. Buchner (*pro hac vice*
                                            forthcoming)
                                            KIRKLAND & ELLIS LLP
                                            2049 Century Park East
                                            Los Angeles, CA 90067
                                            Telephone: (310) 552-4800
                                            diana.torres@kirkland.com
                                            allison.buchner@kirkland.com

                                            Attorneys for Plaintiff,
                                            GOLO, LLC